**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Jacob Jones,<br><br>    Plaintiff,<br><br>vs.<br><br>CO II Forbes, et al.,<br><br>    Defendant. | No. CV-12-435-PHX-SRB (LOA)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Status of Service, doc. 28. Specifically, Plaintiff requests the status on the service of Defendant Forbes.

Plaintiff filed a *pro se* Prisoner Civil Rights Complaint on March 1, 2012, doc. 1, and a First Amended Complaint, doc. 9, on May 3, 2012. After the mandatory screening process pursuant to 28 U.S.C. § 1915(A)(2), Defendants Forbes and Sanchez were ordered to answer the amended complaint. (Doc. 11) Plaintiff requested the Arizona Department of Corrections to provide him with the last known address of Defendant Sanchez for the purpose of service. (Doc. 13) The Court provided Plaintiff with five blank subpoenas in which to discover service information on Defendant Sanchez and the Court also extended the service deadline date. (Doc. 16) Defendant Sanchez was served on August 22, 2012. (Doc. 26) On September 4, 2012, the Court issued an order which addressed, among other things, service on Defendant Forbes. (Doc. 27) In that Order, the Court denied Plaintiff's Motion for Forms, noting that it had provided Plaintiff with five blank subpoenas, Defendant Sanchez had been

1 served, and that Plaintiff provided no explanation as to why he needed additional forms. (*Id.*
2 at 2-3)  The Court further noted that Plaintiff should have sufficient remaining subpoena
3 ability to obtain Defendant Forbes' address, but if not, and, if Plaintiff complied with the
4 Court's September 4, 2012 Order, the Court would provide Plaintiff with additional
5 subpoenas. (*Id.*) Plaintiff has not asked for additional subpoenas, nor has he shown that he
6 does not have remaining blank subpoenas from those previously issued for Defendant
7 Sanchez.

8 Defendant Sanchez filed an Answer on September 12, 2012. (Doc. 29) Although
9 Defendant Sanchez' Answer references "Defendants" in the plural, it does not appear that
10 Defendant Forbes or Defendant Forbes made an appearance in this Answer. In an abundance
11 of caution, the Court will order, among others, that Defendant Sanchez to provide the last
12 known address of Defendant Forbes under seal to the Clerk's Office so that Plaintiff may
13 properly have Defendant Forbes served by the U.S. Marshals Service.

14 Accordingly,

15 **IT IS ORDERED** that Plaintiff's Motion for Status of Service, doc. 28, is
16 **GRANTED.**

17 **IT IS FURTHER ORDERED** that on or before **Friday, September 28, 2012,**
18 Defendant Sanchez, who has been served and has appeared in this action, shall provide under
19 seal the last known address of Defendant Forbes to the Clerk's Office. Alternatively,
20 Defendant Sanchez may file a notice accepting service on behalf of Defendant Forbes or
21 Defendant Forbes may file a written waiver of service pursuant to Rule 4(d), Fed.R.Civ.P.
22 Except for disclosure to the U.S. Marshals Service, Defendants addresses shall be kept
23 confidential and any documents relating to service on a Defendant named herein shall be
24 filed under seal.

25 **IT IS FURTHER ORDERED** that:

26 1. Upon receipt of the address of Defendant Forbes, the Clerk of Court shall complete
27 service packet and forward it to the United States Marshal Service.

28 2.  Service shall be made within sixty (60) days of the date of this order at

1 Government expense by the United States Marshal Service or his authorized representative
2 pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. Failure to accomplish
3 service within this time period may result in dismissal of Plaintiff's claims against any
4 unserved defendant for failure to serve pursuant to Fed. R. Civ. P. 4(m).

5       3. Defendant Forbes shall have **twenty-one (21) days** from the date of service within
6 which to answer or otherwise respond to the Complaint as provided by the Federal Rules of
7 Civil Procedure.

8       4. Any answer or responsive pleading shall state the specific Defendant(s) by name
9 on whose behalf it is filed. The Court may strike any answer or responsive pleading that
10 does not identify the specific Defendant(s) by name on whose behalf it is filed.

11       Dated this 13th day of September, 2012.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge