**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Theodore Jacob Jones, | ) | No. CV-12-435-PHX-SRB (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| CO II Forbes, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion for Order re Service, doc. 33, and Plaintiff's Motion to Appoint Counsel, doc. 34.

**I. Background**

Plaintiff filed a *pro se* Prisoner Civil Rights Complaint on March 1, 2012, doc. 1, and a First Amended Complaint, doc. 9, on May 3, 2012. After the mandatory screening process pursuant to 28 U.S.C. § 1915(A)(a), Defendants Forbes and Sanchez were ordered to answer the amended complaint. (Doc. 11) Defendant Sanchez was served on August 22, 2012. (Doc. 26)

On September 14, 2012, the Court ordered Defendant Sanchez to provide Plaintiff with the last know address for Defendant Forbes. (Doc. 30) On September 28, 2012, Defendant filed a Notice of Compliance with the above-mentioned order. (Doc. 32) Thereafter, on October 10, 2012, Plaintiff filed a Motion for Order re: Service Address. (Doc. 33) Additionally, on October 10, 2012, Plaintiff filed a Motion to Appoint Counsel.

1  (Doc. 34)

2  **II. Discussion**

3  **A. Motion for Order re: Service**

4        Plaintiff alleges that Defendant's attempt to provide notice of a proper address was

5  inadequate because Defendant provided a Post Office Bos through which Plaintiff cannot

6  effectuate proper service.  Plaintiff further states, however, that the provided the United

7  States Marshal Service ("USMS") Defendant's current employment address, but that the

8  Marshal's Service has not responded to Plaintiff's letters nor have they informed him

9  whether Defendant Forbes has been served.  (Doc. 33 at 2) Plaintiff does not state the date

10  on which he provided the USMS with the new address for Defendant Forbes.  However, the

11  docket indicates that the service packet for Defendant Forbes was forwarded to the USMS

12  on October 1, 2012.

13        Ultimately, it is Plaintiff's responsibility to provide the proper address for the

14  Defendant in order to effectuate service.  *Toscana v. Cambra*, 2003 WL 21432919, at *1

15  (N.D. Cal. June 10, 2003). It is not the Court's role or responsibility to track down the

16  addresses of the defendants.  The Court has taken many steps to help facilitate Plaintiff's

17  efforts in attempting to serve Defendant Forbes, including providing multiple blank

18  subpoenas.  It is premature at this point for Plaintiff to move for an order to effectuate

19  adequate service.  If Plaintiff cannot provide the USMS with an appropriate address as to

20  where to serve Defendant Forbes, the Court can do little more at this juncture.  Therefore,

21  the Court will deny this motion without prejudice.

22  **B. Motion for Appointment of Counsel**

23        Plaintiff's Motion for Appointment of Counsel, doc. 34, will similarly be denied

24  without prejudice. Plaintiff's motion is written by another inmate who contends that Plaintiff

25  is unable to effectively and efficiently write it on his own. (Doc. 34 at 1) This person states

26  that he has been helping Plaintiff since August 2012, but that he will soon no longer be

27  available; but, he requests that Plaintiff have counsel appointed because Plaintiff is mentally

28  unable to help himself.  (*Id.* at 2) A copy of a neuropsychological report that has not been

1   admitted into evidence was attached. Finally, this person states that Plaintiff was unhappy

2   with the on-site paralegal aervices and that Plaintiff will refuse those services indefinitely.

3         There is no constitutional right to appointment of counsel in a civil case. *Johnson v.*

4   *U.S. Dep't. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil

5   rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*,

6   935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

7   Cir.1986)). In determining whether to appoint counsel, the court should consider the

8   likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view

9   of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff has

10  not demonstrated a likelihood of success on the merits, nor has he shown that he is

11  experiencing difficulty in litigating this case because of the complexity of the issues

12  involved. The Court will deny Plaintiff's Motion to Appoint Counsel because no exceptional

13  circumstances exist in this case. The Court may revisit the issue, if appropriate, at a later

14  date.

15        Accordingly,

16        **IT IS ORDERED** that Plaintiff's Motion for Order re: Service, doc. 33, is **DENIED.**

17        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, doc. 34

18  is **DENIED.**

19        Dated this 24th day of October, 2012.

Lawrence O. Anderson
United States Magistrate Judge