**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Jacob Jones, | No. CV-12-435-PHX-SRB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| CO II Forbes, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 86) Defendants have filed a Response and Plaintiff has filed a Reply. (Docs. 91, 93) Also before the Court is Defendants' Motion for Relief From October 25, 2013 Order Regarding Disclosure of Mental Health Records. (Doc. 92) Plaintiff has not filed a response and the time to do so has passed. *See* Local Rules of Civil Procedure ("LRCiv") 7.2(c) (providing that a response must be filed within fourteen days after service of the motion).

**I. Background**

Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on March 1, 2012. (Doc. 1) In an order issued on April 20, 2013, the assigned District Judge dismissed the Complaint, but granted Plaintiff leave to file an amended complaint. (Doc. 7) Plaintiff filed a First Amended Complaint on May 3, 2012. (Doc. 9) In the subsequent screening order, the District Judge determined the First Amended Complaint states an Eighth Amendment claim for excessive force against Defendants Forbes and Sanchez. (Doc. 11 at

3-4) Plaintiff alleges Corrections Officers Forbes and Sanchez used excessive force against him when they entered his cell on July 15, 2011. Plaintiff claims they punched him in the face and body several times, used handcuffs "like brass knuckles" to strike him, kicked him in the face and body, and knocked him unconscious. (Doc. 9 at 3-5) Defendants have filed an Answer. (Docs. 29, 53)

The Court issued a Scheduling and Discovery Order on April 1, 2013. (Doc. 52) Among other deadlines, motions to amend pleadings or join other parties were to be filed by July 29, 2013.

**II. Motion to Amend**

In the instant motion to amend, filed on October 24, 2013, Plaintiff seeks leave to add two new defendants in place of the two currently named defendants. Specifically, he seeks to add CO II Benjamin Beckford in place of Defendant CO II Forbes, and CO II Aurelio Sanchez-Cepeda in place of Defendant A. Sanchez. It appears from the proposed Second Amended Complaint attached to the Motion to Amend that there are no other changes.[1]

Plaintiff argues his motion should be granted because he has been trying to discover the proper identities of the officers who assaulted him, and after the Court granted his motion to compel discovery, he was able to do so. Plaintiff states that when Defendants provided him

---

[1] Pursuant to Local Rule of Civil Procedure 15.1(a):

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the test to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a). Although Plaintiff's Second Amended Complaint does not indicate how it differs from the First Amended Complaint in the manner required by LRCiv 15.1(a), Defendants have waived any objection pursuant to that rule because "it seems relatively clear that [Plaintiff's] intention is only to change the names of the Defendants." (Doc. 91 at 7)

- 2 -

1  with the Court-ordered discovery documents in September 2013, he learned the officers' true
2  identities.

3  Defendants argue in the Response that because Plaintiff's motion to amend was filed
4  after the deadline in the scheduling order, Plaintiff must demonstrate good cause for the
5  untimely motion. They contend he cannot show good cause here because Plaintiff knew or
6  should have known the identities of the new defendants before the July 29, 2013 deadline,
7  but waited until after the deadline to file the motion to amend. Defendants argue Plaintiff is
8  not being candid with the Court when he claims he learned the officers' identities after
9  Defendants complied with the Court's order on the motion to compel. Defendants further
10 request that they be dismissed from this action if the Court grants the motion to amend.

11 Plaintiff argues in the Reply that he has shown good cause for his untimely motion
12 to amend. Plaintiff contends he had to wait until he received the Court-ordered discovery
13 from Defendants before he could seek leave to amend. Plaintiff states he filed suit against the
14 two individuals he initially believed assaulted him based on the name he saw on the vest of
15 one of the officers and the name inside the cap of the second officer. Plaintiff states he was
16 subsequently told several other names, but it was not until he received the compelled
17 discovery that he definitively learned their names.

18 **A. Legal Standards**

19 Federal Rule of Civil Procedure 15(a), which typically governs the amendment of civil
20 complaints, provides that "leave [to amend a pleading] shall be freely given when justice so
21 requires." "In deciding whether justice requires granting leave to amend, factors to be
22 considered include the presence or absence of undue delay, bad faith, dilatory motive,
23 repeated failure to cure deficiencies by previous amendments, undue prejudice to the
24 opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express,*
25 *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
26 A district court need not prolong litigation by permitting further amendment where such
27 amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir.
28 2002). Granting or denying a motion to amend is a matter within the district court's

1  discretion. *See, e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel
2  v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000).

3        When, however, a party seeks leave to amend a complaint after a pretrial scheduling
4  order has been entered pursuant to Rule 16(b)(1), Fed.R.Civ.P., and after the designated
5  deadline for amending pleadings has passed, the party must first make a showing of "good
6  cause" under Rule 16(b)(4).[2] *Johnson v. Mammoth Recreation, Inc*., 975 F.2d 604, 608 (9th
7  Cir. 1992) ("A party seeking to amend a pleading after the date specified in the scheduling
8  order must first show good cause for amendment under Rule 16, then if good cause be
9  shown, the party must demonstrate that amendment was proper under Rule 15.") (citation and
10 internal quotation marks omitted). When seeking leave to amend after the deadline imposed
11 by the scheduling order, a party cannot "appeal to the liberal amendment procedures afforded
12 by Rule 15; his tardy motion [has] to satisfy the *more stringent* 'good cause' showing
13 required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 965,
14 952 (9th Cir. 2006) (emphasis in original). "Unlike Rule 15(a)'s liberal amendment policy
15 which focuses on the bad faith of the party seeking to impose an amendment and the
16 prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the
17 diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

18       For purposes of Federal Rule of Civil Procedure 16(b)(4), "good cause" means the
19 scheduling deadlines cannot be met despite the party's diligence. *Id.* (citing 6A Wright,
20 Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial
21 schedule may be modified if it cannot reasonably be met despite the diligence of the party
22 seeking the extension. If the party seeking the modification was not diligent, the inquiry
23 should end and the motion to modify should not be granted." *Zivkovic v. Southern California
24 Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks
25 omitted).

---

27     [2] Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule [established
28 pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent."

1    Moreover, a district court may, but is not required to, deny as untimely an amendment
2 motion filed after the scheduling order's cut-off date where no request to modify the order
3 has been made. *See Johnson*, 975 F.2d at 608-09 (citing *U.S. Dominator, Inc. v. Factory Ship
4 Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)) (concluding that district courts may
5 deny as untimely a motion filed after the motion cut-off date established in the scheduling
6 order where no request to modify the order has been made).

7    **B. Analysis**

8    **1. Application of Rule 16 Standards**

9    Here, because the scheduling order established a July 29, 2013 deadline for amending
10 pleadings, doc. 52 at 2, Plaintiff's ability to amend his complaint is governed initially by the
11 "good cause" standard in Rule 16(b)(4). The Court agrees with Plaintiff that the facts here
12 demonstrate good cause for the untimely motion to amend.

13    As the Court explained in its order granting in part Plaintiff's motion to compel,
14 Plaintiff states he named Forbes and Sanchez as defendants because he saw CO II Forbes'
15 name on his vest during the incident and Sanchez's name on the inside of a hat that was left
16 behind after the incident. (Doc. 75 at 6) After filing suit, Plaintiff received information
17 indicating another officer was wearing Forbes' vest during the incident. Plaintiff has also
18 learned since filing the lawsuit that he was provided contact information for a different
19 Officer Sanchez than the one he believes assaulted him.

20    Shortly after the Court issued the Scheduling and Discovery Order in April 2013,
21 Plaintiff submitted timely requests for documents that would establish which officers were
22 involved in the alleged assault. Defendants objected, without producing any documents,
23 relying primarily on their assertion that they were not the officers involved in the incident.
24 In opposing Plaintiff's motion to compel, Defendants essentially asked the Court to make a
25 factual finding that Forbes and Sanchez were not involved in the incident. They argued,
26 therefore, they should not be required to produce any documents.

27    The Court rejected their arguments and directed Defendants to produce documents
28 responsive to Plaintiff's requests. (Doc. 75 at 9)  Defendants filed Notices on September 25,

1    2013, indicating compliance with the Court's order to produce the documents. (Docs. 79, 80)
2    Plaintiff filed his motion to amend less than a month later, stating he learned the officers' true
3    identities from the documents that were produced. Thus, as a result of Defendants' litigation
4    tactics, Plaintiff did not receive the documents that definitively identified the correct
5    detention officers involved until two months after the motion to amend deadline. He then
6    filed the instant motion to amend within a reasonable time thereafter.

7          Defendants' attempts to show Plaintiff knew the officers' identities before the motion
8    to amend deadline are unconvincing. Defendants point out that on December 5, 2012,
9    Plaintiff wrote a letter to Defendants' counsel regarding a possible settlement. (Doc. 91 at
10   4) In the letter, Plaintiff states he was told by numerous officers that an "Officer Bradford"
11   was involved in the incident and was wearing Forbes' vest. That information turned out to
12   be wrong. Defendants appear to be suggesting Plaintiff should have, at that time, sought
13   leave to amend based on these incorrect statements from other correctional officers. The
14   Court disagrees. There was nothing improper about Plaintiff's decision to confirm the
15   officers' identities through discovery before filing his motion to amend.

16         Defendants further argue Plaintiff knew the true identities of the officers on July 2,
17   2013, when Defendants responded to Plaintiff's second request for production by producing
18   the relevant "daily post sheets" for Plaintiff's housing unit. The two officers Plaintiff now
19   seeks to add, Beckford and Sanchez-Cepeda, are both listed on the daily post sheet for the
20   date of the incident. (Doc. 91, Exh. D at 10-11) The daily post sheet, however, contains
21   dozens of names. (*Id.*) According to Defendants, Plaintiff should have known Beckford and
22   Sanchez-Cepeda were the two that were involved. Their argument goes as follows:

> Since Defendant Sanchez also filed his Motion for Summary Judgment [on the day the daily post sheet was produced], Jones knew or should have known that, if [Sanchez] was not involved in the subject incident as he testified, and an officer named Sanchez-Cepeda was working at SMUI at the relevant time, the latter officer might well have been the one for which he was looking. [citation to daily post sheet omitted] That same documentation confirmed that, no officer "Bradford" was working at SMUI at the time, but that an Officer Beckford was. [citation omitted] Thus, assuming Jones was reasonably diligent in his efforts to discover the identities of the officers involved in the incident and actually reviewed their document production, he had reason to know the

- 6 -

>identities of the officers who were involved in the subject incident almost four weeks before the deadline to move to amend or to bring in new parties.

(Doc. 91 at 5)

Defendants' argument has no merit. Essentially, Defendants are contending any reasonable person would have assumed Beckford and Sanchez-Cepeda were the correct defendants because their names resembled the names of officers who Plaintiff believed may have been involved. However, after being told that another officer was wearing Defendant Forbes' vest, and learning from the summary judgment motion that Defendant Sanchez was claiming no involvement despite the hat that was left behind, Plaintiff was hardly in a position to know, with any degree of certainty, that Beckford and Sanchez-Cepeda were the two officers involved. Defendants' contention that Plaintiff should have pieced it together merely by looking at the dozens of names on the daily post sheet, and filed an earlier motion to amend on that basis, borders on the absurd.

The Court finds Plaintiff has demonstrated good cause to support his untimely motion to amend. The motion was filed within a reasonable time after Plaintiff received discovery documents confirming the identity of the two officers involved in the alleged assault against him. Having found good cause for the untimely motion, the Court turns to the application of the Rule 15 standards.

**2. Application of Rule 15 Standards**

Defendants only argument with respect to the application of Rule 15 is that Plaintiff has failed to show "justice requires" leave to amend under these circumstances. (Doc. 91 at 7) (citing Fed.R.Civ.P. 15(a)(2)). In support of this argument, however, Defendants simply urge that the dismissal of Defendants Forbes and Sanchez be a "condition precedent" to granting Plaintiff leave to amend, and that they not be required to respond to any additional discovery requests or Court orders regarding discovery.

Upon consideration of the relevant Rule 15 factors, including the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment,

the Court finds leave to amend should be granted. As discussed above, there was no undue delay in that Plaintiff filed his motion to amend within a reasonable time after learning the true identities of the officers. There is also no evidence of bad faith or a dilatory motive on Plaintiff's part.

Regarding prior amendments, although Plaintiff's Original Complaint was dismissed with leave to amend, the deficiencies had nothing to do with the defendants' identities. (*See* Doc. 7 at 4-5) This is Plaintiff's first request to amend to name the correct defendants. Accordingly, this factor does not weigh against granting leave to amend. As to the remaining factors, Defendants have alleged no prejudice and have not argued the amendment would be futile. Moreover, no trial date has been set. Thus, the relevant factors clearly support granting leave to amend under these circumstances.

As to Defendants' request that they be dismissed if leave to amend is granted, Defendants will be dismissed by operation of law because Plaintiff's Second Amended Complaint, upon its filing, will supersede the First Amended Complaint. *See Hal Roach Studios, Inc. v. Richard Feiner and Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that because an amended pleading supersedes the original, a party named in the original but not the amended pleading is not liable because he is no longer a party)

**III. Motion for Relief From Order Regarding Disclosure of Mental Health Records**

In this motion, Defendants seek relief pursuant to Fed.R.Civ.P. 60(b)(2) and (6) from the Court's Order, doc. 88, dated October 25, 2013, that denied Defendants' Motion for Reconsideration, doc. 76. The Court ordered Defendants to disclose Plaintiff's mental health records to him no later than twenty days from the date of the Order. Thus, the records should have been disclosed on or before November 14, 2013. Defendants now claim they should not have to disclose the records because Plaintiff has sought leave to amend, thus essentially conceding Forbes and Sanchez are not the proper defendants in this action. Defendants argue, therefore, they should not have to disclose the records. Defendants' continued delay in complying with the Court's discovery order entered over three months ago is contemptuous and warrants the imposition of sanctions on Defendants and/or their counsel.

- 8 -

1	Although Defendants cite Fed.R.Civ.P. 60(b)(2) and (6) as authority for their request, 2 not surprisingly, they cite no case law to show either rule has been applied to relieve a party 3 from a court order requiring disclosure of medical records. They cite one case, *Lehman v.* 4 *U.S.,* 154 F.3d 1010, 1017 (9th Cir. 1998), for the proposition that "Rule 60(b)(6) is a 5 catch-all provision that allows a court to vacate a judgment for any other reason justifying 6 relief from the operation of the judgment. That rule has been used sparingly as an equitable 7 remedy to prevent manifest injustice." (internal quotations and citation omitted). Defendants 8 do not even argue, however, that it would be a manifest injustice to require them to comply 9 with the Court's prior orders and produce the documents.

10	On August 26, 2013, the Court first ordered Defendants to produce Plaintiff's mental 11 health records to him. (Doc. 75 at 7, 9) On October 25, 2013, the Court denied Defendants' 12 Motion for Reconsideration regarding the mental health records and ordered Defendants to 13 produce the records within twenty days. (Doc. 88 at 3) Defendants have provided no good 14 reason to avoid complying with the order to produce the records. Even though Plaintiff's 15 motion to amend is being granted, and two new defendants will take the place of the current 16 defendants, the mental health records remain relevant because the underlying claims are not 17 changing. The Court will not permit Defendants to use Plaintiff's motion to amend as a 18 shield to avoid complying with an order to produce the records. Defendants' motion for relief 19 from the order to produce the mental health records will, therefore, be denied. If Defendants 20 again fail to produce the records within seven days of the entry of this Order, the Court will 21 set a show cause hearing and impose sanctions. The Court will also order defense counsel 22 to file a notice of compliance.

23	**IV. Conclusion**

24	For the foregoing reasons, the Court finds Plaintiff has shown good cause for filing 25 his motion to amend after the deadline. In addition, after consideration of the relevant Rule 26 15 factors, the Court further finds Plaintiff's request for leave to amend to name two new 27 defendants in place of the current defendants should be granted. Plaintiff will, therefore, be 28 directed to file the proposed Second Amended Complaint that he has attached to his motion

to amend.

Regarding Defendants' motion for relief from the order to produce the mental health records, the motion will be denied

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, doc. 86, is **GRANTED**. Within **ten (10) days** of the date of this Order, Plaintiff must file with the Clerk of Court the proposed Second Amended Complaint attached to his Motion for Leave to File an Amended Complaint. Upon the filing of the Second Amended Complaint, the Court will issue a service of process order regarding the two newly-named defendants.

**IT IS FURTHER ORDERED** that Defendants' Motion for Relief From October 25, 2013 Order Regarding Disclosure of Mental Health Records, doc. 92, is **DENIED**. Defendants must produce the subject mental health records within seven days of the entry of this Order, and file a notice of compliance with the August 26, 2013 Order within that seven-day deadline. Absent a showing of good cause, defense counsel's failure to comply with this Order will result in the setting of a show cause hearing and the imposition of sanctions.

Dated this 9th day of December, 2013.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge