**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Theodore Jacob Jones, | ) | No. CV 12-435-PHX-SRB (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| CO II Benjamin Beckford, et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Second Amended Complaint. (Doc. 97) On December 9, 2013, the undersigned Magistrate Judge issued an order granting Plaintiff's Motion for Leave to File an Amended Complaint, doc. 86, and authorizing Plaintiff to file a Second Amended Complaint. (Doc. 95) The December 9, 2013 Order noted that, upon the filing of the Second Amended Complaint, a service-of-process order would issue regarding the two newly-named defendants. This is that order.

**1. Statutory Screening of Prisoner Complaints**

A district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint, or portion thereof, if the plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The assigned District Judge screened Plaintiff's First Amended Complaint, doc. 9, in an order issued on June 22, 2012. (Doc. 11) The District Judge determined the First

Amended Complaint stated Eighth Amendment claims for excessive force against Defendants Forbes and Sanchez. (Doc. 11 at 3-4) Plaintiff alleged Corrections Officers ("CO") Forbes and Sanchez used excessive force against him when they entered his cell on July 15, 2011. Plaintiff claims they punched him in the face and body several times, used handcuffs "like brass knuckles" to strike him, kicked him in the face and body, and knocked him unconscious. (Doc. 9 at 3-5)

After discovery revealed the true identities of the prison officers Plaintiff intended to name as defendants, Plaintiff moved to amend the First Amended Complaint which, as noted above, was granted. Plaintiff's Second Amended Complaint does not change the underlying facts supporting his Eighth Amendment excessive force claims. The only changes are the identities of the officers against whom the claims are alleged. Specifically, Plaintiff names CO II Benjamin Beckford in place of Defendant CO II Forbes, and CO II Aurelio Sanchez-Cepeda in place of Defendant A. Sanchez. Because the assigned District Judge has already determined that Plaintiff's allegations sufficiently allege Eighth Amendment excessive force claims, no further screening of Plaintiff's Second Amended Complaint is necessary.

**2. Warnings**

    **A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B. Address Changes**

Plaintiff must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C. Copies**

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to

General Order 13-19, Plaintiff is not required to serve Defendants with a copy of every document he files or submit an additional copy of every filing for use by the Court as is ordinarily required by Federal Rule of Civil Procedure 5 and Local Rule ("LRCiv") 5.4. If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and providing copies for the Court required for inmates whose cases are not subject to General Order 13-19.

**D. Possible Dismissal**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action may be dismissed without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Beckford and Sanchez-Cepeda must answer the Second Amended Complaint.

(2) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Beckford and Sanchez-Cepeda.

(3) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date this Order is filed. The United States Marshal Service will not provide service of process if Plaintiff fails to comply with this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Second Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i).

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(5) The United States Marshal Service must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(6) The United States Marshal Service must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The United States Marshal Service must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or it is not returned by a Defendant within 30 days from the date the request for waiver was sent by the United States Marshal Service, the United States Marshal Service must:**

(a) personally serve copies of the Summons, Second Amended Complaint and this Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the United States Marshal Service for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendants pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(7) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, Service, not the Plaintiff**.

(8) Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) Any answer or response must state the specific Defendant(s) by name on whose behalf it is filed.  The Court may strike an answer, response, or other motion or paper that

- 4 -

1   does not identify the specific Defendant(s) by name on whose behalf it is filed.

2   **IT IS FURTHER ORDERED** that counsel and any unrepresented party must comply
3   with the Rules of Practice for the United States District Court for the District of Arizona
4   ("Local Rules"), as amended on December 1, 2013. The District's Local Rules may be found
5   on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be
6   found at www.uscourts.gov/rules/. The fact that a party is acting *pro se* does not discharge
7   a party's duties to "abide by the rules of the court in which he litigates." *Carter v.*
8   *Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

9   DATED this 7th day of January, 2014.

Lawrence O. Anderson
United States Magistrate Judge